**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PEDRO AMARO,

    Plaintiff - Appellant,

v.

CORIZON HEALTH, INC.; WEXFORD
HEALTH, INC.; UNKNOWN DENTIST
#1; UNKNOWN DENTIST #2; DR.
ALBA WEAVER; KATHY ARMIJO;
TOMMI SALINAS; J. RUVALCABA;
MR. RIVERS; DENTAL DIRECTOR
FOR CENTURION CORRECTIOINAL
HEALTH CARE, OF NEW MEXICO;
MHM SERVICES, INC.; CENTENE
CORPORATION; MICHAEL
NEIDORFF; WEXFORD HEALTH
SOURCES, INC.; DENTAL DIRECTOR
FOR WEXFORD HEALTH SOURCES,
INC.; CORIZON, LLC; DENTAL
DIRECTOR FOR CORIZON HEALTH,
INC.; DAVID SELVAGE, MHS, PA-C;
YOLANDA RIVERA; GLORIA
CHAVEZ; JERRY ROARK; J. GAY;
DEPUTY SECRETARIES FOR NEW
MEXICO CORRECTIONS
DEPARTMENT; ALISHA TAFOYA
LUCERO; DAVID JABLONSKI; GREGG
MARCANTEL; JOE WILLIAMS;
MICHELLE LUJAN GRISHAM;
SUSANNA MARTINEZ; KRYSTLE
RIVERA; VINCENT HORTON; THE
GEO GROUP, INC.,

    Defendants - Appellees.

No. 23-2117
(D.C. No. 1:20-CV-01308-MV-LF)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **EID**, and **CARSON**, Circuit Judges.

_____

In this prison civil rights action brought pursuant to 42 U.S.C. § 1983, Plaintiff-Appellant Pedro Amaro alleges he was denied appropriate dental care, in violation of the Eighth Amendment.[1]

Proceedings in this action were stayed while Mr. Amaro and several defendants named in his original complaint successfully negotiated a settlement. On May 30, 2023, a magistrate judge lifted the stay and sua sponte recommended dismissal of Mr. Amaro's then operative amended complaint, which expanded the factual allegations beyond those in the original complaint and named many additional defendants. The magistrate judge also recommended that Mr. Amaro's pending motion to further amend his complaint should be denied.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Amaro proceeds pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Mr. Amaro is incarcerated and receives service by mail; he therefore had until June 16, 2023, to file objections to the magistrate judge's recommendations. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d). He delivered his objections to prison officials for mailing on June 15, 2023, the day before his deadline.[2] This made his objections timely under the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) ("The prison mailbox rule . . . holds that a *pro se* prisoner's [filings] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (applying rule to objections to a magistrate judge's report).

However, before it received Mr. Amaro's objections, the district court entered an order that stated the time for him to file objections had passed, adopted the magistrate judge's recommendations, dismissed Mr. Amaro's complaint, and denied his motion to amend.[3] The court entered final judgment the same day. Two days

---

[2] Mr. Amaro's signature on his objections is dated June 14, 2023, and they include his declaration under penalty of perjury that he submitted them into the prison's internal mail system on June 15, 2023. R. Vol. II at 234. In addition, in response to an order entered by this court, he also filed a copy of a document dated June 15, 2023, authorizing payment of postage from his prison account to mail his objections. Based on this record, we are satisfied Mr. Amaro has shown he delivered his objections to prison officials on June 15, 2023. *See Price*, 420 F.3d at 1165 ("[T]he inmate must attest that such a timely filing was made and has the burden of proof on this issue.").

[3] Consistent with the magistrate judge's recommendation, the district court dismissed the amended complaint *with prejudice* against defendants Dr. Kapil Grewal, Ms. C. Romero, Dr. Bernida Iqbal, Dentrust Dental International, Dentrust of New Mexico, P.C., Centurion Correctional Healthcare of New Mexico, Steven

later, on June 23, 2023, the court received Mr. Amaro's objections, but it took no action on them.  Mr. Amaro then filed a notice of appeal, on July 20, 2023.

The district court erred by failing to address Mr. Amaro's objections, evidently treating them as untimely.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Price*, 420 F.3d at 1163–64.  Furthermore, because the magistrate judge recommended dismissal sua sponte, rather than based on any motion or briefing by the parties, neither the magistrate judge nor the district judge addressed the arguments raised in Mr. Amaro's objections.

"Where an issue has not been ruled on by the court below, we generally favor remand for the district court to examine the issue."  *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1227 (10th Cir. 2013).  We may make exceptions, including "where the proper resolution is beyond any doubt," or if "injustice might otherwise result."  *Singleton v. Wulff*, 428 U.S. 106, 121 (1976) (internal quotation marks omitted).  And we have discretion to affirm on any basis supported by the record.  *Graff v. Aberdeen Enterprizes, II, Inc.* 65 F.4th 500, 525 (10th Cir. 2023).  However, resolution of the arguments raised in Mr. Amaro's objections—including that the claims in his amended complaint relate back to his original complaint; that he has alleged a continuing tort; and that his complaint challenges ongoing practices and deprivation of care, as well as seeking money damages—is not entirely straightforward.  We

---

Wheeler, Murray Young, Corizon Health, Inc., and Wexford Health, Inc.  It dismissed the amended complaint *without prejudice* as to all other defendants "with respect to any claims not barred by the statute of limitations."  R. Vol. II at 222.

therefore decline to address his objections in the first instance on appeal.  *See id.* at

525–26; *cf. United States v. Suggs*, 998 F.3d 1125, 1141 (10th Cir. 2021) ("[B]efore

issuing a definitive decision, this court would benefit from a district court judgment

that addresses the implications of previously unaddressed facts.").

We therefore vacate the district court's final judgment and its "Order Adopting

Magistrate Judge's Proposed Findings and Recommended Disposition" (ECF

No. 117).  We remand for the district court to address Mr. Amaro's objections (ECF

No. 119) and to conduct any other appropriate proceedings consistent with this order.

Entered for the Court


Joel M. Carson III
Circuit Judge